The opinion of the court was delivered by
Spencer, J.
Plaintiffs having obtained judgment against R. E. Brannin for several thousand dollars with recognition of a special mort *1313 ,gage (of date 1874) on the undivided three fourths of the “ Bayou Macon plantation,” with all the buildings and improvements thereon, and containing 3530 acres, more or less, took execution, directing the sheriff to r seize and sell said plantation in block and as an entirety. The sheriff proceeded to advertise said property for sale in lots of not less than ten : nor more than fifty acres, in disregard of plaintiffs’ instructions. Thereupon this rule was taken by plaintiffs on the sheriff to show cause why . a mandamus should not issue to compel him to sell said plantation in block. The sheriff, in answer to the rule, excepts that the proceeding is ■ irregular, in that it is not taken in the name of the State. This objection is fully met by the case of Malain et al. vs. Judge of the Third Judicial District et al., 29 An. 793, where we held in effect that while it was usual and proper that proceedings for mandamus should be taken in the name of ■ the State, yet the absence of that form in the petition would not be fatal ' if the state of facts set out .disclosed a right to the writ, and there was . a proper prayer for it — more especially as if the writ be granted it ■ would issue in the name of the State.
The sheriff further answers that his advertisement of said property for sale in lots as stated was made under instructions from the defendant in execution, who under the constitution and Code of Practice had the right to so direct the sale to be made.
We have frequently held of late (and do not consider the question longer an open one) that article 132 of the constitution was inoperative, except to the extent that its execution is provided for by statute, and that the act No. 32 of 1877 repealed all laws providing the modes of carrying that article into effect.
Hence the mode of selling the “ Bayou Macon plantation ” in this proceeding must be governed by the general provisions of our law, and not by article 132 of the constitution.
Where the fi. fa. issues on an ordinary judgment the debtor un- • doubtedly has the right to point out the property he desires sold, pro- ' vided the property pointed out be available and sufficient. C. P. 646. ’ But when the property is specially mortgaged the mortgage creditor '• “ has the right to direct the seizure of the property mortgaged to him.” C. P. 648. In the one case arid the other it is the duty of the sheriff to ■■ seize and sell the property so pointed out, whether it be that pointed out by the debtor or the property mortgaged, pointed out by the creditor. If the thing seized, even under an ordinary fi. fa., be indivisible in its nature, as a horse, a house and lot, etc., the sheriff can not sell the •debtor’s interest in a designated part or portion of that thing. He might, perhaps, with the consent of the parties, sell an aliquot part interest in '«the whole thing, as a half or a third..
But the case we conceive to.be very different where, the debt for *1314 -which the sale is made bears special mortgage on the thing to be sold, ■and where the thing has been mortgaged as an entity, a unit, and thus made by contract and in contemplation of the parties indivisible, whether so by nature or-not. See C. C. 2109. “ The mortgage,” says article 3282 C. C., “ is in its nature indivisible, and prevails over all the immovables subject to it, and over each and every portion.” We then have, in such case, an indivisible right operating upon an indivisible thing. This is the idea expressed by this court in 16 L. 163, where it says: “ Property specially mortgaged can not be sold to pay part of the debt secured. The mortgage being indivisible in its nature, clings to overy portion of the thingand again in 10 R. 45, “ each and every part of the thing mortgaged is liable for each and every portion of the debt.” Thus where a plantation, with its accessories, has been specially mortgaged, the stock, implements, etc., thereto attached by the owner and therefore made immovable by accession, can not be sold separately from the plantation itself, no more than can a house or other building on it.
When the law gives the mortgage creditor the right to seize the whole thing mortgaged it gives him the right to sell the whole thing, if it be indivisible by nature, or only so by the agreement and contract of the parties. In such a case the debtor has not the right of causing the seizure to be reduced as excessive under article •-C. P., for the reason that by the contract of mortgage he has agreed that the thing is a unit, an entity, and has made it indivisible by agreement, and subjected it to an indivisible right which operates in its full extent upon every part and portion of the thing.
The impracticability of the right claimed by defendant will be made more manifest when we consi ler it in connection with other provisions of the Code of Practice. Thus, if the thing mortgaged chanced to be encumbered with a special mortgage prior- to that under which it is seized, there can be no adjudication unless the price bid exceed the prior mortgage. C. P. 684. So, if the price bid exceed the prior special mortgage, only the surplus is to be paid over by the purchaser. C. P. 706, 718. So, when the sale is to satisfy a mortgage debt partly due and partly not due, the sale must be for cash for the part due and on terms to meet the credit installments.
In the case of the prior mortgage, if the thing mortgaged be sold by piecemeal and to different purchasers, what portion of this prior mortgage will each purchaser assume ? What part of that prior mortgage will bear upon each part of the thing thus sold ? And what part of his bid will each purchaser pay over as surplus? So in the case of sale to meet due and undue installments, the same difficulties and inextricable confusions would be encountered.
These difficulties are further augmented when, -as in this case, the *1315 mortgage debtor only owns an undivided interest in the thing which he has mortgaged. Joint owners can not be said to own any designated individualized material part of the thing subject to the joint right. Thus it has been often held and is now elementary, that one who is a joint heir in a succession can not sell his interest in any particular thing belonging to that successicn. So one who is a joint owner of a tract of land can not claim a homestead upon it. The reason in both eases is, that upon liquidation and partition the portion in which he sells his interest or on which he claims his homestead may not fall to him.
We conclude, therefore, that where a debtor has specially mortgaged a plantation as an entirety, a unit, to secure his debt he has rendered it by contract indivisible, and that he can not demand that it be sold in parts and by piecemeal. The creditor has the right to have it sold as a whole, and in block.
The court a qua made the mandamus peremptory against the sheriff. The decree is correct, and is affirmed at costs of respondent in both courts.